UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YANTAI NORTH ANDRE JUICE CO., LTD.** and **YANTAI NORTH ANDRE JUICE, INC.**, <br><br>    Plaintiffs, <br><br> v. <br><br> **ARTHUR KUPPERMAN, PAULETTE KRELMAN, E. ROSS BROWNE, SR.; PGB INTERNATIONAL f/k/a and/or a/k/a PITTRA INTERNATIONAL, f/k/a and/or a/k/a/ PITTRA-CAMERICAN f/k/a and/or a/k/a, PITTRA, INC., G.B. INTERNATIONAL, XYZ CORPORATIONS 1-10, and JOHN DOES 1-10,** <br><br>    Defendants. | 05-CV-01049 (WJM) <br><br><br> **OPINION** <br><br> **HON. WILLIAM J. MARTINI** |

Jonathan T.K. Cohen
McCusker, Anselmi, Rosen, Carvelli & Walsh P.C.
127 Main Street
Chathan, NJ 07928

Andrew E. Anselmi
McCusker, Anselmi, Rosen, Carvelli & Walsh P.C.
127 Main Street
Chathan, NJ 07928

Edward A. Sturchio
McCusker, Anselmi, Rosen, Carvelli & Walsh P.C.
127 Main Street
Chathan, NJ 07928

   *(Attorneys for Plaintiffs)*

Michael M. Rosenbaum
Budd Larner, P.C.
150 John F. Kennedy Parkway
CN 1000
Short Hills, NJ 07078-0999

   *(Attorney for Defendants)*

**MARTINI, U.S.D.J.:**

This matter comes before the court on a motion for summary judgment by Plaintiffs Yantai North Andre Juice Co., Ltd. and Yantai North Andre Juice, Inc. ("Yantai") to dismiss counterclaims made by Defendant PGB International ("Pittra"). There was no oral argument. FED. R. CIV. P. 78. For the reasons set forth below, Yantai's motion is **DENIED**.

## BACKGROUND

**I.      The 2002 Litigation And The Three Forbearance Agreements**

On October 1, 2002, Yantai sued Pittra in the District of New Jersey (the "2002 Litigation"). *See Yantai North Andre Juice Co., Ltd. v. Camerican Int'l, Inc.*, No. 2:02cv04767 (filed Oct. 1, 2002). In the suit, Yantai alleged that it was not paid for fruit juice concentrate it sold to Pittra. The suit centered on a letter agreement under which Pittra promised to pay for the fruit juice concentrate. On November 8, 2002, the District Court entered a default judgment and awarded Yantai $1,169,954.

After the judgment was entered, Pittra and Yantai negotiated a forbearance agreement. The agreement contained a confirmation by Pittra that the District Court's judgment was valid and set forth a payment plan. The agreement also allowed Pittra to deduct certain amounts from the debt in the form of "off-sets." The off-sets were limited, however, to no more than $50,000 for "specification issues for goods received" and no more than $100,000 for an accounting dispute between the parties where Pittra alleged it overpaid Yantai on particular shipments.

Pittra began making payments under the agreement when, on April 25, 2003, the parties executed a second forbearance agreement. This second forbearance agreement re-confirmed the validity of the amounts due under the judgment and contained the same provision regarding "off-

1

sets." Approximately three months later, on July 16, 2003, the parties executed a third forbearance agreement. This agreement again reconfirmed the validity of the judgment and contained a provision regarding "off-sets." The "off-set" provision in the third agreement, however, was different than the earlier two. In particular, it provided that "[Yantai] will continue to give credit against the Debt to Pittra for all set off commissions that would otherwise be due by [Yantai] to Pittra when they become due."

## II.     The Current Litigation

Yantai sued Pittra in this Court, alleging that $600,000 remains outstanding under the third forbearance agreement. In its answer, Pittra counterclaimed that Yantai breached a separate exclusivity agreement between itself and Pittra in 2002. Pittra claims that under this exclusivity agreement, Pittra has the exclusive right to distribute Yantai's products. According to Pittra, Yantai breached this agreement in 2002 by selling its product directly to customers or other distributors.[1]

Yantai now moves for summary judgment to dismiss Pittra's counterclaims regarding the exclusivity agreement because they were not raised in the 2002 litigation. Yantai argues that Pittra's counterclaims are barred under the doctrine of res judicata, New Jersey's Entire Controversy Doctrine, and Federal Rule of Civil Procedure 13. Yantai also argues that Pittra's counterclaims are barred under the three forbearance agreements. Finally, Yantai argues that Pittra has not properly stated a claim under the New Jersey Franchise Practices Act.

## ANALYSIS

---

[1]In particular, Pittra is counterclaiming for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with prospective economic advantage, and violation of the New Jersey Franchise Practices Act (N.J.S.A. 56:10-1 *et seq.*).

2

**I.  Summary Judgment Standard**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  *See* FED. R. CIV. P. 56.  Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *See id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment.  *See Anderson*, 477 U.S. at 247-48.  If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted.  *See id.*;  *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

**II.  Pittra's Counterclaims Are Not Barred Under The Doctrine Of Res Judicata**

Under the doctrine of res judicata, "a judgment in a prior suit involving the same parties, or persons in privity with them, bars a second suit on the same cause of action."  *Wilson v. Reliance Ins. Co.*, No. 04-3063, 2005 U.S. App. LEXIS 13490, at *6  (3d Cir. July 7, 2005) (citation omitted).  Several factors aid a court in determining whether two causes of action are the same: (1) whether the acts complained of and the demand for relief are the same;  (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same; and (4) whether the material facts alleged are the same.  *Id.* at *7-8 (citing *O'Leary v. Liberty Mut. Ins. Co.*, 923 F.2d 1062, 1065 (3d Cir. 1991).

The 2002 Litigation was decided through a default judgment.  Had it not been decided by

default, the Court would have presumably decided whether Yantai supplied its product to Pittra, whether Pittra then entered into a letter agreement acknowledging it owed Yantai for the product, and that Pittra then failed to make payments to Yantai under the letter agreement. Pittra's counterclaims, though, will presumably require a finding that Pittra and Yantai entered into an exclusivity agreement in 2001, that the exclusivity agreement granted Pittra the exclusive right to distribute Yantai's products, and that Yantai nevertheless sold its products to customers or other distributors. Furthermore, Pittra raises a counterclaim based upon the Franchise Practices Act, which will presumably require a finding that the exclusivity agreement created a franchise relationship between Yantai and Pittra, and that Yantai violated this relationship.

In sum, the documents at issue in these two cases are different, the acts complained of in these two cases are different, and the factual issues required to determine these two cases are different. Therefore, Pittra's counterclaims are not barred under res judicata.

**II.     The New Jersey Entire Controversy Doctrine Does Not Bar Pittra's Counterclaims**

Yantai next argues that Pittra's counterclaims are barred under New Jersey's Entire Controversy Doctrine. The Third Circuit has held that "federal courts should apply the general rule that the preclusive effect of a judgment is determined by the preclusion law of the issuing court." *Paramount Aviation Corp. v. Augusta*, 178 F.3d 132, 135 (3d Cir. 1999), *cert denied* 528 U.S. 878 (1999). The New Jersey Entire Controversy Doctrine "is not the right preclusion doctrine for a federal court to apply when prior judgments were not entered by the courts of New Jersey." *Id.* at 138. In this case, the issuing court in 2002 was the United States District Court for the District of New Jersey. Therefore, the New Jersey Entire Controversy Doctrine is

4

inapplicable.[2]

### III.     Pittra's Counterclaims Are Not Barred As Compulsory Under Fed. R. Civ. P. 13

Fed. R. Civ. P. 13(a) states that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claims." FED. R. CIV. P. 13(a).  For a counterclaim to be "compulsory," the relevant inquiry is whether the counterclaim "'bears a logical relationship to an opposing party's claim.'" *Metro. Life Ins. Co. v. Kubichek*, 83 Fed. Appx. 425, 430 (3d Cir. 2003) (quoting *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389-90 (3d Cir. 2002)).  A "logical relationship" exists "where separate trials on each of the claims would 'involve a substantial duplication of effort and time by the parties and the courts.'" *Vukich v. Nationwide Mut. Ins. Corp.*, 68 Fed. Appx. 317, 319 (3d Cir. 2003) (quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961)).  "Such a duplication is likely to occur when claims involve the same factual issues, or the same factual and legal issues, or are offshoots of the same basic controversy between parties." *Metro. Life*, 83 Fed. Appx at 430.

As explained in Part I *supra*, the factual underpinnings of the 2002 Litigation and Pittra's counterclaims are materially different.  They involve different documents, different facts, and are

---

[2]Yantai cites *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001)  in its memorandum for the proposition that the Entire Controversy Doctrine applies in this case.  In *Semtek*, the Court held that "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." *Id.* at 508.  The federal common law applicable in our case, however, is provided by *Paramount*, which held that a federal court must apply the law of the issuing court in circumstances of res judicata. *See Paramount*, 178 F.3d at 139-146 (applying the *Erie* test to determine whether a federal court should apply the Entire Controversy doctrine or federal res judicata principles when the issuing court was a federal court).

wholly unrelated to each other. This is not a situation where adjudication of a counterclaim would involve a substantial duplication of time and effort by the parties or the court since the facts underlying both claims are quite different. Therefore, Pittra's counterclaims are not barred as compulsory under Rule 13(a).

## IV.     The Forbearance Agreements Do Not Preclude Pittra's Counterclaims

Yantai argues that Pittra's counterclaims are barred under the terms of the three forbearance agreements. As noted earlier, the agreements allowed Pittra a $50,000 off-set from the amount it owed Yantai for goods already received and a $100,000 off-set regarding an alleged accounting dispute. Yantai argues that Pittra's counterclaims constitute an off-set and, therefore, are barred under the forbearance agreement because they do not fall under the two permissible off-sets.

This court can grant summary judgment on an issue of contract interpretation if the contractual language being interpreted "is subject to only one reasonable interpretation." *Arnold M. Diamond, Inc. v. Gulf Coast Trailing Co.*, 180 F.3d 518, 521 (3d Cir. 1999). If the relevant terms of the contract are ambiguous, however, the issue must go to the jury. *See e.g., Sanford Inv. Co., Inc. v. Ahlstrom v. Mach. Holdings, Inc.*, 198 F.3d 415, 421 (3d Cir. 1999).

The contracts at issue here – the three forbearance agreements – are clearly unambiguous. It is clear that each forbearance agreement relates solely to the issues involved in the 2002 Litigation. For instance, each forbearance agreement contains a merger clause, which states:

> This Forbearance Agreement contains the entire agreement between [Yantai] and Pittra *relating to the dispute in the Complaint filed in the Yantai Action*, and any prior discussions, negotiations, and

6

>understandings relating to the forbearance of [Yantai] regarding its
>
>claims against Pittra.

(emphasis added).  This merger clause clearly limits the forbearance agreements to those issues stemming from the 2002 Litigation.[3]  Since Pittra's counterclaims, as discussed earlier, are different and unrelated to the 2002 Litigation, they are not barred under the forbearance agreements.

### V. Yantai's Arguments Regarding Pittra's Failure To State A Claim Under The New Jersey Franchise Practices Act Are Barred

In its fourth counterclaim, Pittra argues that it had a franchise under the Franchise Practices Act, which Yantai terminated in violation of the Act.  Yantai did not challenge this argument in its initial memorandum in support of summary judgment.  However, in its reply memorandum, Yantai argues that Pittra failed to meet the minimum pleading standards required under the Act.

A reply brief "should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted."  *Bayer AG v. Schein Pharmaceutical*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001), *aff'd* 301 F.3d 1306 (3d Cir. 2002) (striking portion of reply brief that raised new issues for first time because opposing party has "no opportunity to respond to newly minted arguments contained in reply briefs").  Yantai's argument regarding the sufficiency of Pittra's counterclaim based on the Franchise Practice Act was first raised in its reply memorandum.  Accordingly, this argument will not be considered.

### CONCLUSION

---

[3] The forbearance agreements define the term "Yantai Action" as referring to the 2002 Litigation before this court.

For the foregoing reasons, Yantai's motion summary judgment with regard to Pittra's counterclaims is **DENIED.**

An appropriate Order accompanies this Opinion.


Dated:   September 23, 2005                    s/ William J. Martini
                                               **William J. Martini, U.S.D.J.**